# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| J.B., a Minor, by her Father and Custodial Parent, IVAN BAUBLITZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CAUSE NO.: 2:18-CV-3-TLS |

## OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment filed by the Defendant, the United States of America [ECF No. 27], pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, the Court GRANTS the Defendant's Motion for Summary Judgment.

## STATEMENT OF FACTS

The Plaintiff was injured following a collision with a vehicle owned and operated by the United States Postal Service. Following the collision, the Plaintiff filed an administrative claim with USPS on December 12, 2016. Upon review, USPS determined it was not liable for damages in the current situation. USPS then sent a denial letter to Plaintiff's counsel on June 15, 2017. The letter contained an explanation of how to proceed if the Plaintiff did not agree with the denial of her claim. The Plaintiff then filed suit in the Northern District of Indiana on January 2, 2018.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Summary judgment is the moment in litigation where the non-moving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in her favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). The court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). "A district court should deny a motion for summary judgment only when the non-moving party presents admissible evidence that creates a genuine issue of material fact." *Luster v. Ill. Dep't of Corr.*, 652 F.3d 726, 731 (7th Cir. 2011) (first citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); then citing *Swearnigen–El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). Material facts are those that are outcome determinative under the applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Additionally, a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

## ANALYSIS

A.  **Statute of Limitations under 28 U.S.C. § 2401**

Under the Federal Torts Claim Act, the Plaintiff's complaint must be filed within two years of the injury or within six months following the mailing of a final denial. *See* 28 U.S.C. §

2401(b). The Plaintiff failed to timely file her claim with this Court. The USPS mailed the denial letter on June 15, 2017. Def.'s Mem. in Supp. of Mot. for Summ. J. Ex. B. The six-month deadline to file suit was therefore December 15, 2017. The Plaintiff filed the Complaint in this case on January 2, 2018, and is thus outside of the statute of limitations.

The Plaintiff argues that the letter was "confusing" and not clearly a final denial. Pl.'s Resp. to Def.'s Mot. for Summ. J., ECF No. 35, p. 1. Specifically, the Plaintiff argues that the letter "fails to state it is a denial of this final action," quoting the letter as saying "'if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six months from the date the Postal Service mails the notice of that final action.'" *Id*. However, the letter's next sentence continues: "Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above." *Id*. at Ex. A. The Court does not agree with the Plaintiff that the letter was confusing; on the contrary, the letter makes clear both that it is the final denial and the date by which the Plaintiff must file suit. The Plaintiff has not presented any disputed fact to contradict the letter's own language. *Cf. Gen. Cas. v. United States Gov't*, Case No. 13-CV-5596, 2014 WL 2198487 (N.D. Ill. May 27, 2014); *Brown v. Simmons*, Case No. 1:10-CV-0304, 2012 WL 3726699 (N.D. Ind. Aug. 27, 2012).

B.     **Equitable Tolling and Minors**

Next, the Plaintiff argues that the statute of limitations should be equitably tolled in this case because the victim is a minor. However, the Seventh Circuit has held that "the FTCA's statute of limitations is not tolled during the period of a putative plaintiff's minority." *McCall ex*

3

*rel. Estate of Bess v. United States*, 310 F.3d 984, 988 (7th Cir. 2002) (joining the Second, Fifth, Eighth, Ninth, and Tenth Circuits).

The Plaintiff, in contrast, cites a case from the Middle District of Pennsylvania. Pl.'s Resp. to Def.'s Mot. for Summ. J., ECF No. 35, p. 2 (citing *Albright v. Keystone Rural Health Ctr.*, 320 F. Supp. 2d 286, 290–91 (M.D. Pa. 2004)). However, in *Albright*, the plaintiff's minority combined with the difficulty of ascertaining the defendants' federal status led that court to equitably toll the statute. *Albright*, 320 F. Supp. 2d at 291 ("Clearly, the existence of [Pennsylvania's Minors' Tolling Statute] coupled with the fact that it was difficult if not impossible to ascertain Defendants' federal status gave rise to an extraordinary circumstance . . . ."). Therefore, in addition to *Albright* considering a different state's law in a different circuit, the facts make the case distinguishable. The Plaintiff has presented no extraordinary circumstances here.

## CONCLUSION

Because the Plaintiff's claim is barred by the statute of limitations and no successful argument to toll the statute has been presented, the Defendant's Motion for Summary Judgment [ECF No. 27] is GRANTED. The Court DIRECTS the Clerk of Court to ENTER JUDGMENT in favor of the Defendant and against the Plaintiff.

Entered July 26, 2019.

                                                  s/ Theresa L. Springmann
                                                  CHIEF JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT